## LEWIS E. ROWLEY V. THE STATE.

### No. 10650.   Delivered February 16, 1927.

### Rehearing denied April 13, 1927.

#### 1.—Assault to Murder—Misconduct of Jury—No Error Shown.

Where appellant complains of misconduct on the part of the jury, and the evidence heard disclosed that one of the jurors during the progress of the trial asked a Mr. Walker, in the presence of the officer in charge of the jury, to go to the postoffice and get his mail, and the said Walker did so and brought his mail to him, no reversible error is shown.

#### 2.—Same—Evidence—Cross-Examination—No Error Shown.

Where the state was permitted while cross-examining appellant to hand to him a writing, and requested him to read, but not so that the jury could hear it, and after same had been read by appellant to ask him if the matter stated therein was true to which he replied "no," no effort to introduce said writing having been made and its contents not being disclosed to the jury, no harmful error is presented.

#### 3.—Same—Sentence Reformed.

The sentence being incorrectly entered, will be reformed so as to conform to the indeterminate statute, and made to read that the punishment shall not be less than two, nor more than fifteen years and as reformed the judgment is affirmed.

ON REHEARING.

#### 4.—Same—Requested Charges—Properly Refused.

Special charges must be given or refused in the form in which same are presented. Appellant's special charge No. 1, which seeks to have the jury told that "If the deceased and the witness Bell, did some act, which viewed from the defendant's standpoint, caused the defendant to believe that his life was in danger * * * you will acquaint the defendant," was properly refused. Same entirely omits reference to what may have brought about the supposed act of deceased, and witness Bell. The same criticism is applicable to his special charge No. 3.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of an assault to murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart* of Beaumont, *T. H. McGregor* and *A. L. Love* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of assault with intent to murder, and his punishment assessed at fifteen years in the penitentiary.

The shooting; which resulted in the death of the deceased, Jack Gjertsen, arose over an argument concerning a labor or welding job the appellant had shortly before the difficulty performed at the instance and request of the deceased. After the work was done, appellant presented a bill for about $60.00 on a time and material basis. The deceased and a witness by the name of Bell, who was working for deceased, insisted that the appellant had made a price on the job of $25.00 or $35.00. The contention of the state was that the appellant went to deceased's place of business and, after considerable argument over the account, drew his pistol and killed deceased without any provocation or excuse. The appellant defended on the ground of self-defense, testifying that the witness Bell and the deceased both were making an assault on him at the time he shot at the witness Bell and deceased.

The appellant requested three special charges, all of which were given by the court. The three special charges given cured all the exceptions and objections to the court's charge pointed out by the appellant.

Bill of exceptions No. 1 complains at the court's refusal to give special charge No. 1. We are unable to agree with the appellant's contention.

Special charge No. 3, requested by the appellant and given by the court, correctly presented the appellant's theory as to the shooting and did not in any way limit his right of self-defense. Said charge also instructed the jury that if they believed from the evidence that the witness Bell or the deceased by reason of any act done on their part, viewed from the appellant's standpoint, there was reasonably produced in his mind the fear of the loss of his life or any serious bodily injury to himself, and if while he was acting under such apprehension he shot and killed the deceased he would not be guilty of murder or manslaughter and would be entitled to be acquitted, even though the jury should find that he was not entirely free from blame or wrong in the transaction, or if they had reasonable doubt on this issue they would give the appellant the benefit of such doubt and acquit him.

Bill of exceptions No. 2 complains at the action of the trial court in overruling appellant's motion for a new trial on the grounds that the jury trying the case was guilty of misconduct

in that one of the jurors while they were deliberating upon their verdict carried on a conversation with some persons whose name was unknown to the appellant. We have carefully reviewed the evidence submitted on the motion and fail to see where the appellant was deprived of any valuable right or suffered any injury. The misconduct of the jury complained of was that the juror Skipworth asked a Mr. Walker to go to the postoffice and get his mail, and the said Walker did so and brought the mail to him. This conversation between the juror and Walker took place in the presence of the officer in charge of the jury.

Bill of exceptions No. 3 complains of the action of the trial court in permitting the prosecuting attorney on cross-examination of the appellant to hand the appellant a written statement made by the appellant's son in the appellant's absence and ask the appellant to read such statement. Objection was made for the reason that the same was an ex parte statement made in appellant's absence. Appellant was requested to read the statement but not so that the jury could hear it and, after the same had been read by the appellant, the County Attorney asked him if the matter stated therein was true and appellant answered "No." Further questions were then asked appellant by the prosecuting attorney. Said statement was not offered in evidence nor were the jurors advised as to its contents.

We are unable to agree with appellant's contention as set out in this bill. The appellant's counsel had the right, on re-direct examination, to question appellant as to the matters brought out by the state on cross-examination. It does not appear that the appellant made any request of the state to see said statement and to read the same. Had the appellant demanded the right to see the written statement and to read the same and been refused that right, another question might have been before us for consideration.

The court in passing sentence, however, failed to recognize the statute with reference to the indeterminate sentence, the sentence being for fifteen years. The sentence will be reformed so as to conform to the indeterminate sentence statute, and made to read that the punishment shall not be more than fifteen years nor less than two years.

The facts are amply sufficient to support the verdict of the jury and, there being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — Appellant insists that his special charge No. 1 should have been given. We quote same:

"You are further instructed that if you believe from the evidence that the deceased and the defendant had a previous disagreement over the account claimed to be owing by the deceased to the defendant, and that prior to the homicide the deceased had threatened the defendant, or had made threatening gestures toward defendant, or had exhibited a knife, the defendant would not lose his right of self-defense by arming himself and seeking an interview with the deceased for the purpose of bringing about a peaceable adjustment of their affairs, and if the deceased and the witness Bell did some act which, viewed from the defendant's standpoint, caused the defendant to believe that his life was in danger, or that he was about to suffer serious bodily injury at the hands of the deceased, or the witness Bell, and that he, so believing, shot and killed the deceased, or if you have a reasonable doubt upon this issue, then you will acquit the defendant."

It is the rule that special charges must be given or refused in the form in which same are presented. Manifestly that part of this special charge which seeks to have the jury told that "If the deceased and the witness Bell did some act which, viewed from the defendant's standpoint, caused the defendant to believe that his life was in danger * * * you will acquit the defendant," is wrong. This instructs an acquittal if deceased and Bell, in an effort to protect their own lives against an unlawful assault by appellant, had done something which caused appellant to think his own life in danger. Same entirely omits reference to what may have brought about or caused the supposed act of deceased and witness Bell; also fails to place any limitation upon the acts and conduct of appellant which may have brought about or caused the supposed act of deceased and Bell. While appellant would have the right, under some circumstances, to arm himself and seek an interview with deceased, he would have no right to then and there conduct himself in such manner as to bring about a difficulty, or cause the deceased to make a demonstration, or an attack upon him, and then have the jury told unqualifiedly that because of such attack or demonstration on the part of deceased, appellant would have the right to take

the life of deceased, and if he did so he should be acquitted. We think the special charge correctly refused.

Substantially the same defect exists in special charge No. 3, which sought to have the jury instructed that if they found and believed from the evidence that at the time the defendant entered the building in which the shooting took place "he did not intend to produce the occasion or difficulty between the deceased, the witness Bell and himself, and that by reason of some act then done on the part of the deceased, or the witness Bell, which, viewed from the defendant's standpoint, reasonably produced in his mind fear of the loss of life, or serious bodily injury, etc., and that acting under such apprehension the defendant shot and killed the deceased, he would not be guilty of murder or manslaughter, but would be entitled to be acquitted; * * * or if you have a reasonable doubt on this issue, you will give the defendant the benefit of such doubt and acquit him." Appellant's guilt is not to be made to depend on his intent *when he entered the shop of deceased.* Regardless of such intention at that time, he may have changed his mind, and may have been guilty of such acts and conduct thereafter as caused the deceased to make an attack upon him, or as might have directly brought about the homicide. In other words, the jury must look to the whole facts surrounding the difficulty in determining what caused same and cannot be told that they must acquit the defendant upon his intent at a particular time antecedent to the actual difficulty.

The motion for rehearing will be overruled.

*Overruled.*